# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:99-cv-6472-AWI-WMW-P |
| Plaintiff, | **ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS** |
| vs. | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| DR. HOFFMAN, | |
| Defendant. | **ORDER REFERRING ACTION TO MAGISTRATE JUDGE TO SET A TRIAL** |
| / | **(Document #80)** |

Plaintiff Steven Vlasich ("Plaintiff") is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Defendant filed a motion for summary judgment, and the Magistrate Judge filed Findings and Recommendations that recommended Defendant's motion for summary judgment be granted. The Findings and Recommendations were served on the parties and contained notice to the parties that they could file objections. Plaintiff filed timely objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations are not supported by the record.

The primary problem with adopting the Findings and Recommendations is that the Magistrate Judge appears to not have realized that Plaintiff did file an opposition to Defendant's motion, did

1

respond to Defendant's statement of disputed facts, and did offer evidence to dispute Defendant's evidence. Because this opposition creates a disputed issue of material fact, and it was not addressed by the Magistrate Judge, the court cannot adopt the Findings and Recommendations.

A defendant can meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case; i.e. that the plaintiff does not have evidence from which a jury could find an essential element of the opposing party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 & 1106 (9th Cir. 2000). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Cline v. Industrial Maintenance Eng'g. & Contracting Co., 200 F.3d 1223, 1229 (9th Cir.2000). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. If the nonmoving party fails to produce enough evidence to make a showing sufficient to establish the existence of an element essential to that party's case, the moving party wins the motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Nissan Fire

1 & Marines Ins., 210 F.3d at 1102.

2     At issue in this action is whether Defendant was deliberately indifferent to Plaintiff's serious
3 medical needs on April 19, 1999 in violation of Plaintiff's Eighth Amendment rights. The
4 undisputed facts reveal that on April 6, 1999, Plaintiff underwent a liver biopsy procedure. The
5 parties agree that on April 19, 1999, at approximately 7:00 p.m., Plaintiff was transported to the
6 prison emergency room, complaining of pain. The parties agree that Defendant did not examine
7 Plaintiff or speak to Plaintiff, but Defendant did observe Plaintiff through a window from a nearby
8 room. The undisputed facts state that Plaintiff was returned to his cell at about 9:45 p.m. The
9 parties agree that at 5:00 a.m. on April 20, 2000, Plaintiff was again taken to the prison emergency
10 room, Defendant examined him, and Defendant sent Plaintiff to an outside hospital. The parties
11 agree that at the hospital, Plaintiff was diagnosed and treated for a lacerated liver. At issue in this
12 action is only whether Defendant's actions on April 19, 1999 were deliberately indifferent.

13     Deliberate indifference to serious medical needs violates the Eighth Amendment's
14 proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976). A
15 "serious medical need" exists if the failure to treat a prisoner's condition could result in further
16 significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d
17 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by* WMX Technologies, Inc. v. Miller,
18 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). A prison official is "deliberately indifferent" if he or
19 she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing
20 to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Similarly, a
21 showing of nothing more than a difference of medical opinion as to the need to pursue one course
22 of treatment over another is generally insufficient to establish deliberate indifference. Toguchi v.
23 Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.
24 1989). In order to prevail on a claim involving choices between alternative courses of treatment, a
25 prisoner-plaintiff must show that the course of treatment the doctors chose was medically
26 unacceptable under the circumstances and that they chose this course in conscious disregard of an
27 excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,
28 332 (9th Cir.1996).

In support of his motion, Defendant presents evidence that he was not deliberately indifferent to Plaintiff's serious medical needs on April 19, 1999 because he did not know about the lacerated liver. Defendant offers evidence that he monitored Plaintiff's vital signs and his observations of Plaintiff showed someone he believed was only in mild discomfort. Based on this evidence, the Magistrate Judge concluded Defendant did not know of Plaintiff's serious medical condition. However, a review of the evidence offered in Plaintiff's opposition reveals a disputed issue for trial.

Granting Defendant's motion requires the court to find it undisputed that Defendant did not have sufficient information from which a trier of fact could conclude that Defendant knew of Plaintiff's serious medical condition. The undisputed facts reveal that Defendant knew that Plaintiff had a liver biopsy two weeks earlier and knew that Plaintiff claimed to be in severe pain. In his declaration filed in opposition to Defendant's motion, Plaintiff states that he told MTA Lemos, CDC Correction Officers, and Nurse Rogers he was in pain, had nausea, and believed something was wrong with his liver. There is no evidence that this information was not given to Defendant, and the evidence before the court indicates it was given to Defendant. It appears Defendant did not examine Plaintiff or treat him on April 19, 1999 at the prison emergency room because, based on Defendant's observation of Plaintiff, Defendant concluded Plaintiff was only in mild pain. Both Defendant and Plaintiff offer evidence that Defendant observed Plaintiff. In fact, Defendant claims he observed Plaintiff for some two hours. In his declaration filed in opposition to Defendant's motion, Plaintiff describes his physical conduction during this time frame as follows: "I was in severe and demonstrative pain. At times I was writhing in pain on the bed. Defendant just watched me." See Dec. at 4. This statement offers evidence that Plaintiff's pain level would have been observed by Defendant if he watched Plaintiff for any given time. Thus, there is a disputed issue of fact on whether Defendant's observations of Plaintiff revealed that Plaintiff was in mild or severe pain.

Because there is a disputed issue of fact on whether Defendant knew Plaintiff was in severe pain, there is a disputed issue of material fact on Defendant's deliberate indifferent. Taking Defendant's knowledge of Plaintiff's liver biopsy, Plaintiff's stated symptoms, and Plaintiff's severe pain, a trier of fact could conclude that Defendant was deliberately indifferent by returning Plaintiff

4

to his cell without even examining Plaintiff or speaking to him. There is simply a disputed issue of fact on whether Defendant was aware of all of Plaintiff's symptoms. This in turn creates a disputed issue of fact on whether Defendant's decision to deny all treatment was medically unacceptable under the circumstances and whether this decision was made in conscious disregard of an excessive risk to Plaintiff's health. Given these disputed issues of fact, Defendant is not entitled to summary judgment on Plaintiff's deliberate indifference to serious medical needs claim. See Celotex Corp., 477 U.S. at 323.

Accordingly, IT IS HEREBY ORDERED that:

1.  The court declines to adopt Findings and Recommendations;
2.  Defendant's motion for summary judgment is DENIED;
3.  This action is referred to the Magistrate Judge to issue a second scheduling order and for further proceedings.

IT IS SO ORDERED.

**Dated:   April 10, 2007**              /s/ Anthony W. Ishii
                                               UNITED STATES DISTRICT JUDGE