IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. HOFFMAN,<br><br>    Defendant. | 1: 99-CV-6472 AWI WMW P<br><br>ORDER DENYING MOTION TO ADD WITNESS<br><br>(Document #130) |

Plaintiff Steven Vlasich, an inmate in the custody of the California Department of Corrections, brings this civil rights action against a doctor for violations of his civil rights and medical malpractice.  The trial was originally scheduled for June 10, 2008.  On May 2, 2008, the court issued its pretrial order.  On June 4, 2008, the court vacated the June 10, 2008 trial date and re-set trial in this action for September 30, 2008.

On July 7, 2008, Plaintiff filed a motion to add a witness not previously declared by Plaintiff.  Plaintiff seeks to add Dr. Shuster as a witness.  Plaintiff states that Dr. Shuster does liver biopsies at Corcoran State Prison.  Plaintiff desires Dr. Shuster to authenticate the outpatient discharge list, which includes a list of symptoms that indicate a complication.  Plaintiff also desires Dr. Shuster to testify that surgery could have been avoided if he had been admitted to the hospital the night before.  Plaintiff claims that he just found out that Defendant's

position is that he needed exploratory surgery regardless of the circumstances.

On July 29, 2008, Defendant filed an opposition to Plaintiff's motion.

A trial court may amend the pre-trial order to prevent manifest injustice. Fed.R.Civ.P. 16. The purpose of the pretrial order is "to guide the course of the litigation," and "[o]nce formulated, [it] should not be changed lightly. . . ." Fed.R.Civ.P. 16, Advisory Committee Note (citing Clark v. Pennsylvania R.R. Co., 328 F.2d 591 (2d Cir.1964)). The Ninth Circuit has stressed the crucial role played by pretrial orders in "implementing the purposes of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir.1981). "Under this principle, a pre-trial order is not an inexorable decree and may, under proper circumstances, be modified." Angle v. Sky Chef, Inc., 535 F.2d 492, 495 (9th Cir. 1976). However, "[i]n the exercise of sound judicial administration and the interest of justice, an amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." Angle, 535 F.2d at 495 (citations omitted). The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir.1998) *abrogation on other grounds recognized by* Moreland v. Las Vegas Metro. Police, 159 F.3d 365, 369-70 (9th Cir.1998); United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981)). The moving party must show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified. Byrd, 137 F.3d at 1132.

Here, Plaintiff has not made a showing of manifest injustice. Plaintiff has known about the proposed new witness since 2001. While Plaintiff states that he only just realized Defendant

is planning to argue at trial that an exploratory surgery would have been necessary regardless of when Plaintiff was admitted to the hospital, Plaintiff could have obtained this information from Defendant earlier.   Defendant would be prejudiced if another witness was added at this late date.  The only way to cure to any prejudice would be to grant Defendant a continuance to conduct discovery and/or depose the new witness.   Given the time this case has been on the court's docket, no further delay is warranted.  This action was set for trial on June 10, 2008.   The court did not vacate this trial date until June 4, 2008.   Plaintiff did not file his motion to add a new witness until July 7, 2008.   The court does not find manifest injustice when Plaintiff does not even ask for an additional witness until after the original trial date has passed.   There is no evidence that at some point between June 4, 2008 and July 7, 2008 Defendant amended a prior discovery response to change positions.

Accordingly, Plaintiff's motion to add a witness is DENIED.

IT IS SO ORDERED.

**Dated:   August 12, 2008**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

3